UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                  **DECISION AND ORDER**
                                                        07-CR-168A

     v.

TAMARIO HUNLEY,

                Defendant.

---

The defendant, Tamario Hunley, has made a motion to dismiss Counts One and Two of the indictment in this case. Count One of the indictment charges that defendant was a felon in possession of a .38-caliber Smith & Wesson revolver. Count Two of the indictment charges the defendant with possession of that same revolver, which allegedly had an altered or obliterated serial number. In support of his argument, the defendant notes that the Government had continuous custody of the revolver from November 28, 2005, when the alleged incident occurred and the defendant was arrested, until just recently. The defendant notes further that he was not informed until August 25, 2010, practically on the eve of trial, that the Government destroyed the revolver on June 6, 2010. The defendant requested to analyze the revolver approximately two months ago.

Central to the defendant's argument is the implication that bad faith played a part in the destruction of the revolver because the Government held it for over four years and did not destroy it until the last few months before trial. The defendant also asserts that the revolver constitutes material exculpatory evidence because a DNA and fingerprint analysis that a defense expert would have performed might have established that the defendant never possessed it. The government opposes the defendant's motion on the grounds that the defendant has not made enough of a showing to establish the materiality will of the revolver itself.

"To succeed on a claim that missing evidence would play a significant role in his defense and was thus 'material,' a defendant must meet the two-pronged materiality standard established in *California v. Trombetta*, 467 U.S. 479 (1984), as well as show that the government acted in bad faith. Under the *Trombetta* materiality test, the evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *U.S. v. Rastelli*, 870 F.2d 822, 833 (2d Cir. 1989) (internal quotation marks and citation omitted).

Here, the defendant does not know what the results of any DNA or fingerprint analysis would have been. The exculpatory value of those tests thus is not apparent at this time, as is required by the Second Circuit, and the

2

defendant cannot meet the first requirement under *Rastelli*. *Cf. U.S. v. Tugwell*, 187 F.3d 650, 1999 WL 510769, at *1 (9th Cir. 1999) (table case) ("Any exculpatory value in fingerprint evidence on the gun is entirely speculative—in fact, such evidence might equally well have been prejudicial to [the defendant]."). The defendant has met the second requirement under *Rastelli* in the sense that no other evidence at trial will substitute for the DNA and fingerprint analysis. The defendant fails the third requirement of a showing of bad faith because the date of destruction of the revolver, June 6, 2010, predated any time in this case when a certain date was set for trial. Although the Government has not explained exactly why the revolver was destroyed when it was, there is no reason at this time to believe that it was destroyed specifically to prejudice the defendant or because a trial was upcoming.

For these reasons, the Court denies the defendant's motion. The Court makes no comment at this time about the propriety of an adverse-inference jury instruction, which the defendant has indicated informally that he might request.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 7, 2010