UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
07-CR-168A

v.

TAMARIO HUNLEY,

                Defendant.

## I.    INTRODUCTION

Pending before the Court is a motion by defendant Tamario Hunley for a judgment of acquittal or a new trial under Rule 29(c) the Federal Rules of Criminal Procedure ("FRCP"). Defendant advances several arguments in favor of acquittal. First, defendant argues that the jury's acquittal on the second count of the indictment necessitated an acquittal on the first count of the indictment, and that to find otherwise would constitute an impermissible inconsistency. Defendant argues also that the Court should not have instructed the jury about joint possession, that the Government did not produce certain *Jencks* materials before trial, and that the jury must have deliberated improperly given how quickly it returned its verdict. In opposition to the motion, the Government argues that sufficient evidence supports each individual count on which the jury convicted defendant. The Government argues further that the joint possession instruction

was appropriate, that no *Jencks* material existed that it could have turned over to defendant, and that defendant generally has not made enough of a showing about jury deliberations to warrant disturbing the verdict. The Court held oral argument on November 18, 2010. For the reasons below, the Court will deny defendant's motion.

II. **BACKGROUND**

This case concerns allegations that defendant and his girlfriend, Delisha Wilson, illegally possessed a firearm and a quantity of cocaine base on November 28, 2005. A grand jury charged defendant and Ms. Wilson in a three-count indictment filed on July 24, 2007. The indictment contained three counts. In Count One, the Government charged defendant with felony possession of a revolver with a defaced serial number and of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In Count Two, the Government charged defendant and Ms. Wilson with possession of a revolver with a defaced serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). In Count Three, the Government charged defendant and Ms. Wilson with possession of a quantity of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 844(a).

Defendant and Ms. Wilson took different paths in response to the indictment. On July 9, 2008, Ms. Wilson pled guilty to one misdemeanor count of conspiracy to possess marijuana in violation of 21 U.S.C. § 846. The Court

sentenced Ms. Wilson on November 24, 2008 to one year of probation. Meanwhile, defendant proceeded to a trial in early September 2010. Following trial, the jury convicted defendant on Count One, acquitted him on Count Two, and convicted him on Count Three. The pending motion followed the jury's verdict.

Defendant makes several arguments in favor of a judgment of acquittal. First, defendant argues that the jury's verdict was impermissibly inconsistent. Defendant argues that Counts One and Two each describe some form of unlawful possession of the same revolver that had a defaced serial number. According to defendant, if the jury did not believe that defendant possessed that revolver for purposes of Count Two then it had to acquit him of possession of that same revolver on Count One. Second, defendant argues that the Court's instruction to the jury about joint possession was improper. The Court instructed the jury that it could determine that both defendant and Ms. Wilson exercised joint control over the revolver if it did not want to determine that defendant controlled the revolver alone. According to defendant, the instruction was improper because Ms. Wilson's testimony—that only defendant possessed the revolver—required the jury to acquit on any possession charges if it found anything other than full and exclusive possession by defendant. Third, defendant argues that Ms. Wilson must have had a proffer session with the Government prior to signing her plea agreement, which means that she must have generated

*Jencks* material that the Government never disclosed. Finally, defendant argues that the jury verdict cannot stand given that the jury took less than an hour to consider all of the substantive issues that defendant presented at trial.

In opposition to the pending motion, the Government argues that the verdict should stand for several reasons. First, the Government argues that the verdict on Counts One and Two would not be inconsistent if the jury simply decided that the revolver that defendant possessed did not have a defaced serial number. Second, the Government argues that the joint possession charge was appropriate given the testimony from the arresting officer that he found the revolver in question lying visibly on the floor of the front seat of defendant's car in direct view of any occupants. Third, the Government argues that Ms. Wilson did indeed meet with it before signing her plea agreement but that the meeting did not generate any *Jencks* material. Finally, the Government argues in general that sufficient evidence supports the verdict and that defendant's motion amounts to a disagreement with the jury over how it viewed the evidence.

### III. DISCUSSION

#### A. *FRCP 29(c) Generally*

"If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." FRCP 29(c). "The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine

4

credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. If he concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, he must let the jury decide the matter." *Curley v. U.S.*, 160 F.2d 229, 232–33 (D.C. Cir. 1947) (footnote omitted). The Court will assess defendant's arguments under the well articulated and time-honored *Curley* standard, mindful that it will "view the evidence presented in the light most favorable to the government [and] draw all reasonable inferences in its favor." *U.S. v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (citation omitted).

  **B.** *Inconsistent Jury Verdicts*

"Even assuming that the verdict against [defendant] was inconsistent . . . it has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty." *U.S. v. Acosta*, 17 F.3d 538, 544–45 (2d Cir. 1994) (citations omitted). Defendant here finds himself in a similar situation. If the Court could find that the jury reached an inconsistent verdict then that finding would be inconsequential. Before considering such a finding, though, the Court notes that defendant's

argument about inconsistency assumes that the difference between the outcomes as to Counts One and Two rests on the possession element that those counts have in common. That assumption is not necessarily true. The jury may have decided, for example, that defendant indeed possessed a revolver but that the serial number on it was sufficiently discernible that it could not be considered defaced. Given that a defaced serial number was not a necessary element of Count One, a finding that the revolver in question lacked a defaced serial number would not have affected a finding that defendant was a felon in possession of that revolver. The Court thus rejects defendant's argument about the inconsistency of the verdict.

### C. *Joint Possession*

"There are two ways in which the government can prove possession within the meaning of § 922(g). The first, actual possession, requires the government to show defendant physically possessed the firearm. The second, constructive possession, exists when a person has the power and intention to exercise dominion and control over an object, [which] may be shown by direct or circumstantial evidence. Thus, under constructive possession, an individual can possess a gun within the meaning of the statute without ever physically handling the firearm. In addition, under this theory, possession need not be exclusive." *U.S. v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002) (alteration in original) (internal quotation marks and citations omitted). Here, defendant himself introduced

evidence at trial that Ms. Wilson has changed her story over the years about whether she possessed the revolver in question. Defendant introduced at trial a sworn affidavit that Ms. Wilson submitted several years ago in state court claiming that she possessed the revolver and not defendant. When Ms. Wilson contradicted her affidavit at trial by testifying that she did not, in fact, possess the revolver, the jury reasonably might have accepted her trial testimony over her prior affidavit, or might have reconciled her stories by deciding that she exercised at least some control over the revolver. Under those circumstances and as sanctioned by *Gaines*, the jury needed to know that the possession element of Count One could cover partial possession by defendant and partial possession by others. The instruction about the possibility of joint possession thus was appropriate, and the Court rejects defendant's argument about joint possession.

D. **Jencks *Material***

"After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). Here, defendant's entire argument about missing evidence rests on an assumption that Ms. Wilson's meeting with the Government prior to the signing of her plea agreement must have generated *Jencks* material. Defendant has not submitted any other

7

arguments, such as the unveiling of surprise evidence at trial, that would give the Court any reason to think that this supposed *Jencks* material actually exists. The Government has asserted that no such evidence exists. Without more, the Court rejects defendant's argument about *Jencks* material as too speculative to justify disturbing the verdict. *Cf., e.g., Castillo v. U.S.*, No. 07 Civ. 2976, 2010 WL 3912788, at *7 (S.D.N.Y. Sept. 8, 2010) ("Petitioner's arguments constitute mere speculation about the existence of undisclosed evidence or prior statements.").

E. *Nature of Jury Deliberations*

"There is no magic amount of time that the jury is required to deliberate." *U.S. v. Munson*, No. 06 Cr. 00143, 2008 WL 4202313, *4 (S.D.N.Y. Sept. 11, 2008). Here, the trial proceedings indicated that defendant largely was not contesting Count Three of the indictment. With respect to the first two counts, defendant stipulated that he had a prior felony conviction. As a result, the only major issues that the jury had to consider were whether defendant exercised at least some control over the revolver in question and whether the Government's witnesses testified credibly that the revolver had a defaced serial number. The Court will not attempt any analysis as to how long jury deliberations under these circumstances "should have" taken, except to note that there is no reason to believe that the duration of the deliberations here was *per se* unreasonable. The Court will not rule out that "[i]t needed less than the time [that the jury] actually took for reasonably sagacious men and women to see exactly what the

8

defendant[] had been doing . . . ." *U.S. v. Rebhuhn*, 109 F.2d 512, 516 (2d Cir. 1940). The Court thus rejects defendant's argument about the nature of the jury deliberations.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion in its entirety.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 2, 2010